# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MALLIE J. SECKINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV419-016 |
| | ) |
| I.C. SYSTEM, INC., and JOHN ERICSON IV, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

In this breach of contract claim, *pro se* plaintiff Mallie Seckinger contends that he "formally and unequivocally" accepted defendant I.C. System, Inc.'s "offer," made through a collections notice letter dated July 15, 2017, to "work out a payment arrangement which would include low monthly payments" to collect a debt. Doc. 1 (Complaint) at 6. I.C. System, however, informed Seckinger by letter on September 22, 2017, that it would no longer pursue his debt and had returned the debt to I.C. System's client (the original debtholder). *Id.* at 5. Plaintiff contends that the "breach" of the contract he agreed to with I.C. System somehow entitles him to nearly $3 million that he "would have been receiving over time" had defendants abided the contract. *Id.* at 5.

Defendant John Erickson is sued in his personal capacity, apparently because of his role as a corporate officer. Doc. 1 at 3 & 6 (explaining that Erickson is "CEO" of I.C. System and thus "had governance over the actions of I.C. System[ ] as a whole and its employees as individuals and their actions at all times relevant" to the Complaint). His actual role in the alleged breach, however, is left to the Court's — and defendant's — imagination. *See* doc. 1. Erickson thus moves to dismiss the claims against him for lack of personal jurisdiction, arguing that plaintiff has not shown that he personally availed himself of this forum. Doc. 13 at 4, quoting, *inter alia*, *Joyner v. MERS*, 451 F. App'x 505, 506 (6th Cir. 2011) ("Jurisdiction over an officer of a corporation may not be based on jurisdiction over the corporation; the officer must have purposefully availed himself of the forum.").

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Georgia's long-arm statute, O.C.G.A. § 9-10-

91, and Georgia's courts recognize a sharp distinction between the personal actions of a corporate officer and actions undertaken in their official capacity for purposes of determining whether a court may assert personal jurisdiction over that officer. An individual who does not have sufficient minimum contacts with Georgia under *International Shoe v. Washington*, 326 U.S. 310, 316 (1945), and its progeny is not subject to personal jurisdiction in Georgia for actions taken within the state solely in his or her capacity as a corporate officer. *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 276 F. Supp. 2d 1276, 1292-93 (S.D. Ga. 2003).

Though Georgia courts broadly interpret the first prong — a purposeful act or consummation of a transaction in Georgia — one such act must exist *and* it "must give rise or have some connection to the cause of action." *Packard v. Temenos Advisory, Inc.*, 159 F. Supp. 3d 1344, 1357 (S.D. Ga. 2016). The mere presence of a personal guaranty is not enough. *Club Car*, 276 F. Supp. 2d at 1293, *citing Southern Electronics Distributors, Inc. v. Anderson*, 232 Ga. App. 648 (1998); *see also, Apparel Resources International, Ltd. v. Amersig Southeast, Inc.*, 215 Ga .App. 483 (1994) (refusing to exercise personal jurisdiction over nonresident defendant whose only contacts with Georgia were her business dealings

3

as corporate officer and personal guaranty she signed). To assert personal jurisdiction over an individual whose dealings in Georgia have primarily been in his capacity as a corporate officer, the individual must have independent minimum contacts with the forum state that meet the due process standards established by *International Shoe*.

Seckinger, of course, has not even *hinted* at a single contact between Erickson and this forum, much less affirmatively connected such an act or transaction to the harms alleged in his Complaint. *See* doc. 1. All he says is that Erickson is a corporate officer and thus responsible for the ills that befell him. That is simply not enough to haul Erickson into this Court. Defendant Erickson's motion to dismiss (doc. 13), which is unopposed, should be **GRANTED**. *See* S.D. Ga. L. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __24th__ day of April, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA