# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| MALLIE J. SECKINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-016 |
| | ) | |
| I.C. SYSTEM, INC., and JOHN | ) | |
| ERICSON IV, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Mallie Seckinger has moved for summary judgment on his breach of contract claim against the remaining defendant, I.C. System, Inc. Doc. 29. I.C. System has responded in opposition to that motion, and, but for the issue discussed below, the motion would be ripe for disposition. *See* doc. 32 (response); doc. 34 (reply). Defendant's pleading is captioned as a "response," but is, in fact, a response and cross-motion for summary judgment. *Compare* doc 32 at 1 (referring to "this, Defendant's Response to Plaintiff's Motion for Partial Summary Judgement"), *with id*. at 10 (requesting that the Court enter "an Order . . . DENYING Plaintiff's Motion for Partial Summary Judgment and GRANTING Defendant summary judgment, dismiss the case with

prejudice, and enter judgment in favor of Defendant."). Despite the Court's recognition that I.C. System has, in fact, filed a cross-motion, it is not clear that plaintiff has recognized this fact.

In order to resolve these motions, the Court must consider them independently. The existence of cross-motions for summary judgment does not alter the substantive burden on either party, as movant or non-movant, respectively. As this Court has explained, "[e]ach motion must be considered *separately*, and the Court may render judgment for one party only if it finds that there is no genuine issue of material fact and that such party is entitled to prevail as a matter of law." *Union Carbide Corp. v. Thiokol Corp.*, 890 F. Supp. 1035, 1041 (S.D. Ga. 1994) (emphasis added). Although the parties appear to have adequately stated their respective positions in the briefing to date, given plaintiff's *pro se* status, the Court will clarify the procedural posture.[1]

Accordingly, assuming the Court is correct in its construction of I.C. System's pleading, it is **DIRECTED** to file a Motion for Summary

---

[1] Although the Court is directing I.C. System to file a separately captioned motion for summary judgment, the Court might, alternatively, characterize this Order as the "notice" required before granting summary judgment outside the context of a party's motion. *See* Fed. R. Civ. P. 56(f). Regardless of characterization, the parties' obligations are governed by this Order.

Judgment within fourteen days of the date of this Order. It may satisfy the formal requirements for such a motion by specific reference—by citation to a particular document on the Court's docket and a specific page within that document—to material it has already filed (*i.e.*, it's statement of material facts or arguments in its brief). Upon the filing of that motion, the Clerk is **DIRECTED** to issue the Court's standard "Notice" of such a motion, and Seckinger will have twenty-one days to respond in opposition. Seckinger is also free to incorporate previously filed material into his response, subject to the same specificity and citation requirement.

**SO ORDERED,** this 25th day of July, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA