# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MALLIE JAMIESON
SECKINGER,

        Plaintiff,

v.

I.C. SYSTEM, INC.,

        Defendant.

CIVIL ACTION NO.: 4:19-cv-16

## **O R D E R**

Presently before the Court are the parties' cross-motions for summary judgment: *pro se* Plaintiff Mallie Seckinger's Motion for Partial Summary Judgment, (doc. 29), and Defendant I.C. System, Inc.'s Motion for Summary Judgment, (doc. 36). Plaintiff filed this diversity action pursuant to 28 U.S.C. § 1332, asserting that Defendant breached a contract to provide debt collection services in violation of Georgia law. (Doc. 1.) Based on the undisputed facts before it, the Court finds that Plaintiff's claim fails as a matter of law. Specifically, Plaintiff's argument that he and Defendant entered a contract is nonsensical. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment, (doc. 36), and **DENIES as moot** Plaintiff's Motion for Partial Summary Judgment, (doc. 29). The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

## BACKGROUND

Defendant I.C. System, Inc., is a Minnesota-based corporation. (Doc. 1, p. 2.) On or about July 15, 2017, Defendant mailed Plaintiff Seckinger, a Georgia citizen, a letter (at times, the "Collections Letter") containing an "Account Summary" of Plaintiff's account with the Georgia

Department of Revenue ("GDR"), stating that Plaintiff had an outstanding balance of $997.98. (Doc. 29, p. 15; doc. 36-2, p. 1.) The Collections Letter further stated, in relevant part,

> Your delinquent account has been turned over to this collection agency. Your account may be eligible for wage garnishment, tax return withholding and/or bank account garnishment if it remains unpaid . . . The Georgia Department of Revenue has authorized us to work out a payment arrangement, which could include low monthly payments. We are a debt collector attempting to collect a debt and any information obtained will be for that purpose.

(Doc. 29, p. 15.) The letter also informed Plaintiff that he could make online payments, mail a check or money order, and listed several ways that he could contact Defendant with questions or concerns. (Id. at pp. 15–17.)

Plaintiff responded to Defendant in a letter dated July 27, 2017. (Id. at p. 19.) In his letter, Plaintiff acknowledged receipt of the Collections Letter and said,

> [T]his alleged account is not delinquent . . . as your client has yet to pay the undersigned what is due . . . under the provisions of the stated laws of the State of Georgia and is indebted to the undersigned in the amount of $2,800,000.00 plus interest and other allowable costs . . . . Your client [the State of Georgia] has evaded its requirement . . . to pay the undersigned monies due since May 10, 2010.[1]

(Id. at p. 19.) Noting that GDC authorized Defendant to work out a payment plan with Plaintiff for his account with GDC, Plaintiff declared that: the State of Georgia designated Defendant "an official authorized agent;" Defendant had "accepted its stated roll [sic];" and it was therefore "incumbent upon [Defendant] to act as a mediator or arbitrator in which to resolve" the State's "indebtedness" to Plaintiff. (Id. at pp. 19–20.) On September 22, 2017, Defendant mailed Plaintiff a letter stating that it would "no longer pursue collection of this account" and would "return it to the Georgia Department of Revenue." (Id. at p. 24; doc. 36, p. 1.)

---

[1] The letter also indicated Plaintiff's belief that, due to the interest due and the "cost of claim," he is owed a total of $3,243,319.87. (Doc. 29, p. 19.)

2

Plaintiff filed his Complaint on January 18, 2019, asserting that Defendant breached a contract to provide debt collection services in violation of Georgia law. (Doc. 1.) On July 3, 2019, Plaintiff filed a Motion for Partial Summary Judgment, seeking a declaration that "there existed an enforceable contract" and that Defendant breached that contract. (Doc. 29, p. 11.) Should the Court rule in his favor, Plaintiff requests that his case continue to determine the "monetary compensation due [to] Plaintiff." (Id.) Defendant responded to Plaintiff's Motion, (doc. 32), and Plaintiff replied, (doc. 34). On August 6, 2019, Defendant filed its Motion for Summary Judgment, (doc. 36), and Plaintiff filed a Response, (doc. 38). For the reasons set forth below, the Court finds that Defendant is entitled to judgment in its favor.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing

that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)). However, "facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (emphasis and citations omitted).

The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion. Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984) (citation omitted).

## DISCUSSION[2]

As noted above, Plaintiff asserts a breach of contract claim against Defendant pursuant to Georgia law. (Doc. 1.) Plaintiff argues that the Collections Letter was an "open-ended offer" for Defendant to provide him with professional debt collection services in settling all fiscal issues between Plaintiff and the GDC, and that his July 27 response was a formal, written acceptance. (Id. at p. 6.) Plaintiff further contends that, when Defendant received his response, "a binding contract had been formally established," and that Defendant breached this contract when it rescinded its intention to collect any debt on behalf of the GDC. (Id.) As such, Plaintiff avers Defendant is liable for the $2.8 million in addition to any interest accrued because Plaintiff would have received this money but-for Defendant's refusal to collect the money from GDC and/or the State of Georgia. (Id. at pp. 9–10.) Plaintiff reiterates these arguments in his Motion for Partial Summary Judgment. (Doc. 29.) In its Motion, however, Defendant argues that the undisputed record shows that no contract existed between it and Plaintiff and, as such, Plaintiff's breach of contract claim fails as a matter of law. (Doc. 36, pp. 5–13.) For the reasons set forth below, the Court agrees with Defendant.

In Georgia, a contract is defined as "an agreement between two or more parties for the doing or not doing of some specified thing." O.C.G.A. § 13-1-1. "No contract exists until all essential terms have been agreed to, and the failure to agree to even one essential term means there is no agreement to be enforced." Yim v. Carr, 827 S.E.2d 685, 695 (Ga. Ct. App. 2019) (citation

---

[2] In this diversity action, the Court must apply the choice-of-law rules of its forum state of Georgia to determine which state's substantive laws apply. Boardman Petroleum, Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir.1998). The claims discussed in this Order resound in contract. Georgia courts "apply the *lex loci contractus* rule, which provides that when a contract is made and to be performed in one state, its validity, nature, construction, and interpretation are governed by the substantive law of that state." Farm Credit of Nw. Fla., ACA v. Easom Peanut Co., 718 S.E.2d 590, 600 (Ga. Ct. App. 2011). Although this case centers around whether a contract existed in the first instance, Plaintiff is a Georgia citizen who seeks money from the State of Georgia. (See doc. 1.) As such, this case is governed by Georgia law.

omitted); see Roland v. Ford Motor Co., Inc., 655 S.E.2d 259, 263 (Ga. Ct. App. 2007) (plaintiff in breach of contract action has burden of proving all necessary elements). In accordance with this requirement, "[a]n offer and an acceptance are essential prerequisites to the creation of every kind of contract . . . . Until each [party] has assented to all the terms, there is no binding contract." Ga. Lottery Corp. v. Vasaya, 836 S.E.2d 107, 111 (Ga. Ct. App. 2019) (citation omitted).

The interpretation of an offer is a question of law to be determined by the Court using "the applicable rules of contract construction." First Acceptance Ins. Co. of Ga. v. Hughes, 826 S.E.2d 71, 75 (Ga. 2019). "Contractual language that is 'plain, unambiguous, and capable of only one reasonable interpretation' must be afforded its literal meaning." Id. (quoting First Data POS, Inc. v. Willis, 546 S.E.2d 781, 784 (Ga. 2001)). Here, the Collections Letter clearly states that: (1) Plaintiff had a delinquent account with the GDR in the amount of $997.98; (2) Defendant was a debt collection agency that GDR had authorized to collect the stated balance; and (3) in furtherance of this authorization, Defendant was willing to accept various forms of payment and/or small, periodic payments. (Doc. 29, p. 15.) Looking to the plain language of the document, the only reasonable interpretation is that Defendant offered to do exactly what the letter states—to collect debt *from Plaintiff* on the GDC's behalf. (Id.)

Having determined the terms of Defendant's offer, it is clear from Plaintiff's response to the Collections Letter that this offer was not accepted. "An answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. To constitute a contract, the offer must be accepted unequivocally and without variance of any sort." Frickey v. Jones, 630 S.E.2d 374, 376 (Ga. 2006) (quoting Herring v. Dunning, 446 S.E.2d 199, 203 (Ga. 1994)). In his response to the Collections Letter, Plaintiff did not attempt to satisfy any of the account balance that Defendant offered to collect for GDC and, in

fact, denied that any such debt existed. (Doc. 29, pp. 19–20.) Moreover, Plaintiff declared that Defendant had a contractual duty to "act as a mediator or arbitrator" in collecting an entirely different debt on *Plaintiff's* behalf—the opposite of what Defendant offered to do in the first instance. (Id. at p. 20.) This response is a far cry from an "unconditional" or "identical" acceptance. Frickey, 630 S.E.2d at 376. Said differently, the undisputed record before the Court shows that the parties did not have "the mutual assent or meeting of the minds necessary to reach an agreement." Yim, 827 S.E.2d at 695. Because there cannot be an "enforceable [contract] between parties absent mutual agreement between them," the Court finds that Plaintiff's breach of contract claim necessarily fails as a matter of law. Grange Mut. Cas. Co. v. Woodard, 797 S.E.2d 814, 819 (Ga. 2017). As such, Defendant is entitled to judgment in its favor. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment, (doc. 36).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment, (doc. 36). and **DENIES as moot** Plaintiff's Motion, (doc. 29). The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 30th day of March, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA